SHAUN KHOJAYAN (#197690)
LAW OFFICES OF SHAUN KHOJAYAN
 & ASSOCIATES, P.L.C.
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
Telephone: (310) 274-6111
Facsimile:  (310) 274-6211
Email: shaun@khojayan.com
Attorney for Defendant Mario Ernesto Alvarado

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**(HONORABLE R. GARY KLAUSNER)**

| UNITED STATES OF AMERICA, | Case No.: 20-CR-00331-RGK-1 |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT MARIO ALVARADO'S SENTENCING MEMORANDUM |
| MARIO ERNESTO ALVARADO, | |
| Defendant. | Sentencing date: March 27, 2023 |

Defendant Mario Alvarado hereby files his Sentencing Memorandum.

**I.  INTRODUCTION**

Mario Alvarado, 45 years old, is before the Court for sentencing on his charge of Arson of a Building Used in Interstate and Foreign Commerce and Used in Activities Affecting Interstate and Foreign Commerce. He is very sorry and apologizes to the victim, Court and the United States for his involvement in this offense.

Mr. Alvarado agrees with the government's calculation of the guidelines and appreciates the government's recommendation.

In addition, Mr. Alvarado's criminal history is over-represented. He is in a Criminal History III by virtue of a driving on a suspended license from 2013, a

1.

petty theft from 2018 and committing this offense while on probation for the petty theft. He has no state prison priors. His criminal history should be viewed more appropriately as a Criminal History Category II.

Based on this and his traumatic upbringing as described below, Mr. Alvarado requests a sentence of time-served.

## II. SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) directs the sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the [advisory] sentencing [guideline] range[;]

(5) any pertinent policy statement ... issued by the Sentencing Commission[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence sufficient, but not greater than necessary, to satisfy the purposes of sentencing set forth in § 3553(a)(2). In making this determination, the district court may not presume that a guideline sentence is the correct one. *Nelson v. United States*, 129 S.Ct. 890, 892 (2009) (per curium). Ultimately, the district court must make an independent

determination as to the appropriate sentence, taking into account the types of sentences available, the relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007).

### III. DEFENDANT'S POSITION ON SENTENCING FACTORS

#### A. THE DEFENDANT'S HISTORY AND CHARACTERISTICS

Mario Alvarado is 45 years old. Mr. Alvarado's father abandoned the family when Mr. Alvarado was 3 months old. His mother was absent working to provide for the family. As a result, his grandmother and aunts raised him. The lack of nurturing from his mother and father caused him extreme emotional pain. As a young boy, he was unable to comprehend why his mother was not in his life. His psychological wellbeing and social behavior suffered.

Once reunited with his mother, he was raised in a crime-ridden neighborhood. He witnessed robberies, heard gunshots and was beaten up by other schoolchildren. Mr. Alvarado's grandmother's boyfriend abused alcohol and Mr. Alvarado witnessed her boyfriend physically abuse his grandmother.

While not an excuse for his involvement in this offense, it helps us understand Mr. Alvarado's difficult family background and upbringing.

In addition to some schooling and work history, Mr. Alvarado has two daughters, Alora and Ariyah, with whom he is very close. Alora Alvarado and his fiancé have attended all of his court appearances in this matter.

Mr. Alvarado regrets all of his actions that bring him before the Court and promises never to be involved in any other crime again. He apologizes to the Court, government and victim in this case.

#### B. THE ADVISORY SENTENCING GUIDELINES

Based on his history and the history and characteristics of the case, Mr. Alvarado would respectfully request the following downward departures and variances.

### 1. Defendant Alvarado's Criminal History Category Over represents his Criminal History

Mr. Alvarado's criminal history is over-represented. He is in a Criminal History III by virtue of a driving on a suspended license from 2013, a petty theft from 2018 and committing this offense while on probation for the petty theft. He has no state prison priors. *See* USSG § 4A1.3(b) ("if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes a downward departure may be warranted"). *United States v. Reyes*, 8 F.3d 1379 (9th Cir. 1993) (court upholds downward departure – 210 months to 33 months – from career offender guidelines – in both offense level and criminal category – where defendant a comparatively minor offender – 6 minor drug and theft priors); *United States v. Brown*, 985 F.2d 478, 482 (9th Cir. 1993) (age at time of prior convictions and nature of those convictions – DUIs – are proper factors to consider in determining whether career offender status significantly over-represents seriousness of defendant's criminal history).

Therefore, Mr. Alvarado's criminal history should be viewed more appropriately as a Criminal History Category II.

### 2. A Reduction Based on His Extra-Ordinary Traumatic Upbringing Is Appropriate

As stated above, Mr. Alvarado never had a father figure and his mother left his grandmother to care for him. This was crucial to Mr. Alvarado's development and caused detrimental effects on him. The lack of a relationship with his biological father was devastating and caused long-term grief upon Mr. Alvarado. Evidence about the defendant's background is relevant to reduce his sentence because of the belief "long held by this society, that the defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional or mental problems

may be less culpable than defendants who have no such excuse." *Penry v. Lynaugh*, 492 U.S. 302, 319 (1989). For these reasons, a reduction on this ground is appropriate as well.

## IV. CONCLUSION

Based on the foregoing, the defense requests a sentence of time-served.

Respectfully submitted,

Dated: March 21, 2023        s/ Shaun Khojayan
                             Attorney for Defendant Mario Alvarado